# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JUAN I. HIDALGO,

    Plaintiff,

v.  No. 1:19-cv-00854-JAP-KK

JOE HIDALGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 16, 2019 ("Complaint"), and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 16, 2019.

The Complaint states:

> [Defendant] Joesaph Hidalgo has been living at 1509 2nd St. SW. for the past 18 years. Since 2001 to this present day. In August, 2015, Joesaph Hidalgo maid an agrement in wrighting with [Plaintiff] Juan, Arlene, Marylou, and Angle Hidalgo to buy the home from each of them. Therfore each brother an sister sighned over there rights of owning the home to [Defendant] Joesaph Hidalgo. However it is now November 2019 and still there has not been a single payment from [Defendant] Joesaph Hidalgo to any of the following brother and sisters.

[sic] Complaint at 7. Plaintiff states he is entitled to the following relief: "To the home being sold, and a fair amount of money given to myself, an to each of my sisters." [sic] Complaint at 5.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff has not met his burden of showing that the Court has jurisdiction over this matter. Plaintiff states that he and Defendant are both citizens of New Mexico. *See* Complaint at 1. Consequently, there is no properly alleged diversity jurisdiction. *See Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006) (to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties"); *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant"). Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs as moot.

**IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 16, 2019, is **DENIED as moot.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**